## JOHN GALE'S TRUSTEE *v.* R. H. GALE, ETC.

**Usury—Recovery of.**

Where a third party takes an assignment of a note in payment of a debt, without knowledge that it is tainted with usury, the amount of the demand evidenced by the note cannot be affected by any right

of recovery of usury which the maker may have had against the original payee, but the maker may recover from the assignee any usury received by him.

### APPEAL FROM OWEN CIRCUIT COURT.

#### June 27, 1873.

OPINION BY JUDGE PETERS:

According to the statements of the answer, R. H. Gale, on the 16th of July, 1853, became indebted to John Gale, Sr., in the sum of $950, on which he paid interest at the rate of ten per cent. per annum, sometimes paying the money, and sometimes renewing the note and adding the interest to the renewed note, until 1861, when John Gale, Sr., died testate, and appointed his son, James Gale, his executor, who qualified as such. That he had settled with the testator on the 16th of July, 1860, and executed his note on that day for $1,200 to bear interest at the rate of ten per cent. per annum till paid, and on the 16th of July, 1862, he had a settlement with James Gale, the executor, and calculating the interest at ten per cent. it amounted to $240, which when added to the principal made the sum $1,440, for which he executed his note to said executor, who transferred it by delivery to John B. Hartsought, administrator of Malinda Gale, deceased; that suit was brought on said note and at the May term, 1865, of the Owen Circuit Court judgment was rendered against him, and in settlement of said judgment on the 28th of June, 1865, he paid to said Hartsought the sum of $794.88 and executed his note to G. G. Bond, trustee for John Gale, Jr., for $900 due twelve months from date, and on the 28th of June, 1866, he paid said Bond $90 for one year's interest on said debt and the note was credited by the interest for one year, and he continued to pay interest on said debt at the rate of ten per cent. per annum till the 16th of February, 1870, when he took up the note for $900, and executed to said G. G. Bond instead thereof three notes, one for $500, one for $400, and one for $50, and paid to Bond in cash $4.75. He charges that the transaction, which has been a continuous one from the 16th of July, 1853, to the last named date, is purged of usury; that the three notes executed February, 1870, and upon which he had been sued will have been fully satisfied, and there will be due him over and above $387.89 which he prays may be done and for judgment for the amount named as the balance.

The case was referred to the master to ascertain and report the usury included in the debt commencing with the creation of the same and bringing it down to February, 1870, and he reports the debts paid, and $246.46 due to appellee, R. H. Gale, and the court thereupon rendered judgment in favor of R. H. Gale for his costs.

It is not denied in the answer that James Gale, executor of John Gale, Sr., was indebted to the administrator of Mrs. Malinda Gale, and that the note of R. H. Gale was for a valuable consideration transferred to her administrator, and by him assigned to Bond as trustee to John Gale, Jr., also for a valuable consideration, to whom R. H. Gale subsequently paid a part of the money and executed his note for the residue. Whatever may have been the consideration as between John Gale, Sr., and his executors and R. H. Gale, the administrator of Mrs. M. Gale, took it without any knowledge, for none is charged on him, that the consideration as between the original parties was different or that the transaction was tainted with usury. Bond's right to recover must be tested therefore by the purity of the consideration given by him, and as he took it for a debt or demand justly due him as trustee his right to recover the amount evidenced by the note must be held as unaffected by any demand for the recovery of usury which R. H. Gale might have had against the representative of John Gale, Sr. If Bond has collected any usury of R. H. Gale since the debt was assigned to him, or since the notes sued on were executed to him, appellee, R. H. Gale, can purge the debt of the usury to that extent, but cannot go behind that date. Wherefore the judgment is *reversed* and the cause is remanded with directions for further proceedings consistent herewith.

*Craddock, Blackwell, for appellant.*

*Drane, for appellee.*